# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

GENERAL SOUTHERN
INDUSTRIES, INC. and
WARRIOR RIVER STEEL,
LLC,

      Plaintiffs,

                                    CV 06-J-4800-NW

v.

STANLEY SHUB and
SHUB MACHINERY, a
division of THE SHUB
COMPANY,

      Defendants and Plaintiffs-
      in-counterclaim,

v.

GENERAL SOUTHERN
INDUSTRIES, INC.,
WARRIOR RIVER STEEL,
LLC and DANIEL GIST,

      Defendants-in-counterclaim.

## MEMORANDUM OPINION

This case comes before the court on the parties' cross motions for summary judgment (docs. 66 and 67 ). Stanley Shub and Shub Machinery's (hereinafter "the Shub parties") Motion for Summary Judgment is supported by a

1

Memorandum of Law (doc. 66, attachment 1) and evidence (doc. 66, attachments 2-11).  General Southern Industries, Warrior River Steel, LLC, and Daniel Gist (hereinafter "the GSI parties") filed a brief in opposition to the Shub parties' Motion for Summary Judgment (doc. 72) and evidentiary materials (doc. 72, attachment 1) to which the Shub parties filed a reply (doc. 77).

The GSI parties' Motion for Summary Judgment is supported by a Memorandum of Law (doc. 68) and evidence (doc. 69).  The Shub parties filed a brief in response to the GSI parties' Motion for Summary Judgment (doc. 74) and evidentiary materials (doc. 74, attachments 1-19) to which the GSI parties filed a reply (doc. 80).

The Shub parties submitted a request for oral argument (doc. 76).  The GSI parties submitted a response in opposition to oral argument (doc. 81) to which the Shub parties filed a reply (doc. 85).  Finding that oral argument will not substantially assist the court, said request is **DENIED**.  Upon consideration of the parties' motions, evidentiary submissions, and written arguments, the court concludes that the GSI parties' Motion for Summary Judgment is due to be **GRANTED IN PART** and **DENIED IN PART** as set out below.   The court concludes that the Shub parties' Motion for Summary Judgment is due to be **GRANTED** as set out below.

## **FACTUAL BACKGROUND**

The court finds the following facts to be undisputed:

Daniel Gist is a shareholder and the president of General Southern Industries, Inc (hereinafter "GSI"). Gist dep. at 15-16, 167-68. GSI is the parent company of several different companies and is a minority member of Warrior River Steel, LLC (hereinafter "WRS"). *Id*. at 16. Mr. Gist is also a member of WRS. *Id*. at 168. WRS is an Alabama limited liability company with its principal place of business in Franklin County, Alabama. Complaint ¶ 2. WRS owns a steel fabrication plant in Cordova, Alabama (the "Facility"). Gist dep. at 21; Complaint ¶ 9.

Stanley Shub is the president and owner of Shub Machinery. Shub dep. at 10, 13-14. Shub Machinery is a Georgia corporation in the business of locating and selling used machinery for its customers. *Id*. at 15-16; Answer to complaint ¶ 4.

In October of 2003, Bill Greger from United Defense Industries, Inc. ("United Defense") contacted Mr. Shub to see if Mr. Shub could help United Defense find a plant with sufficient manufacturing and lifting capacity for a new project. Shub dep. at 48. Following his conversation with Mr. Greger, Mr. Shub called Mr. Gist to see if Mr. Gist was interested in a potential deal with United

Defense. *Id*. at 63-64. Mr. Gist said he was interested and would like to hear more about a possible deal. *Id*. at 65.

Over the next week, Mr. Shub and Mr. Gist communicated by email and telephone about the deal. Shub dep. at 63-119. As part of these discussions, Mr. Shub asked Mr. Gist to pay him a commission if they successfully completed a deal with United Defense. *Id*. at 68-70. After negotiating over the amount of the commission, the two reached an agreement in a telephone conversation on October 24, 2003. *Id*. at 114-15. The final agreement to pay Mr. Shub a commission was memorialized in an October 24, 2003, email from Mr. Gist that read "Stan this email confirms our agreement to pay you as commissions [sic] a fixed fee of $500,000.00 if we sell our plant at Warrior River Steel LLC, Cordova AL to your interested buyer United Defense or it's affiliated companies or representatives: Thank [sic] Danny Gist." *Id*. at 116, exhibit 11 thereto.

On December 12, 2003, Mr. Gist, Mr. Shub, and representatives of United Defense toured the Facility. Shub dep. at 159-74. Thereafter, United Defense decided not to immediately pursue a purchase of the Facility because the asking price was considered too high. Greger aff. ¶ 9.

On or about June 24, 2005, BAE Systems North America, Inc. ("BAE") acquired United Defense. Diamond dep. at 10. BAE's acquisition did not affect

the site selection process.  Kalpin dep. at 16.

On September 29, 2006, WRS entered into a lease agreement for the facility with BAE.  Gist dep. at 131-37.  Under the agreement, BAE will lease the Facility from WRS for ten years for $1,500,000.00 a year.  Gist dep. at 132-33.  The lease grants BAE the right to terminate the lease at anytime after the expiration of the fifth lease year, subject to an early termination fee if the lease terminates prior to the end of the seventh lease year.  Gist dep. at 133-34.  The lease also grants BAE two five year options to extend the lease.  Gist dep. at 133.

In October of 2006, Mr. Shub called Mr. Gist to see if a deal had been reached with BAE.  Shub dep. at 190-91; Gist dep. at 68-69.  Mr. Gist denied that there was a deal.  Shub dep. at 191; Gist dep. at 68-69.  Mr. Gist testified that he denied the existence of a deal because BAE wanted to keep the deal a secret while BAE tried to obtain various incentives from the state.  Gist dep. at 68-69.

On October 17, 2006, Mr. Shub wrote a letter to Mr. Gist demanding a $500,000.00 commission based on the lease of the facility to BAE.  Shub dep. at 188-89.  Mr. Shub alleged that the agreement reached regarding the sale of the facility on October 24, 2003, entitled him to the $500,000.00 commission.  Shub dep. at 189.  Mr. Gist did not respond to the first letter.  Gist dep. at 160-61.  Mr. Shub's counsel followed up the first letter with a second letter.  *Id.* at 161-62.

On October 31, 2006, counsel for Mr. Gist filed a Complaint for a Declaratory Judgment in the Circuit Court of Franklin County (Doc. 1, attachment 1). The Complaint asked the court to enter a declaratory judgment that

> (a) The Fee Agreement is not a valid and enforceable contract;
> (b) The Fee Agreement, if it is a valid and enforceable contract, only required payment of a commission if Plaintiffs sold the Warrior River facility to the Shub Defendant's unidentified buyer and the agreement to sell was entered into on or before October 24, 2004;
> (c) The Shub Defendants failed to satisfy their obligations under the Fee Agreement so as to be entitled to a commission because their unidentified buyer did not enter into an agreement with Plaintiffs to purchase part or all of Warrior River's Cordova, Alabama facility before October 24, 2004; and
> (d) Plaintiffs [sic] costs incurred in this action, including reasonable attorney's fees, be taxed against the Shub Defendants.

(doc. 1, attachment 1). The case was removed to the District Court for the Northern District of Alabama by motion of the Shub parties on December 1, 2006 (doc. 1).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Id.* at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; Fed. R. Civ. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson,* 477 U.S. at 248. All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-252.

## LEGAL ANALYSIS

**I. GSI Parties' Motion for Summary Judgment**

The GSI parties' Motion for Summary Judgment is due to be **GRANTED** on the Shub parties' counterclaim for breach of an express contract because no genuine issues of material fact remain and the GSI parties are entitled to judgment in their favor.  The GSI parties Motion for Summary Judgment is due to be **DENIED** on the Shub parties remaining counterclaims because there exist genuine issues of material fact.

The GSI parties' Motion for Summary Judgment is due to be granted on the Shub parties' counterclaim for breach of an express contract because the Shub parties cannot demonstrate that they performed under the terms of the express contract between Mr. Gist and Mr. Shub.  Summary judgment on a claim for breach of contract is appropriate only if there is no disputed issue of material fact with respect to (1) the existence of a valid contract binding the parties in the action, (2) the plaintiff's own performance under the contract, (3) the defendant's nonperformance, and (4) damages.  *Prince v. Poole*, 935 So.2d 431, 442-43 (Ala. 2006).

It is undisputed that the October 24, 2003, email from Mr. Gist to Mr. Shub is an express contract between the parties.  That express contract clearly states that

Mr. Shub is owed a commission of $500,000.00 if the Facility is *sold* to United Defense or its affiliated companies or representatives.  Mr. Shub admits that this email is the complete agreement between he and Mr. Gist.  Shub dep. at 116-17.  Mr. Shub also admits that this is the only agreement that he had with Mr. Gist, GSI or WRS.  *Id*. at 251. The only issue is whether the Shub parties performed under the terms of the agreement.  Clearly they did not.  It is undisputed that the Facility was not sold to United Defense, BAE, or any other company affiliated with United Defense.  Therefore, Mr. Shub is not owed a commission under the clear and unambiguous terms of the express contract.

**II. The Shub Parties' Motion for Summary Judgment**

The Shub parties' Motion for Summary Judgment is due to be **GRANTED**.  Accordingly, the GSI parties' Complaint for Declaratory Judgment is **DISMISSED** and the parties are **REALIGNED** such that the Shub parties are the Plaintiffs and the GSI parties are the Defendants.

The Federal Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. §

2201(a) (2007).  The Eleventh Circuit has stated that

> the Declaratory Judgment Act and Rule 57 should be
> liberally construed to achieve the objectives of the
> declaratory remedy.  *Allstate Ins. Co. v. Employer's
> Liability Assurance Corp.*, 445 F.2d 1278, 1280 (5th Cir.
> 1971).  Those objectives include affording one
> threatened with liability, but otherwise without a
> satisfactory remedy, an early adjudication of an actual
> controversy, and avoiding multiplicity of actions by
> affording an adequate and expedient means of declaring
> the rights and obligations of litigants in one action rather
> than several. . . .

*McDougald v. Jenson*, 786 F.2d 1465, 1481 (11th Cir. 1986).

The Supreme Court has stated that the "question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  In deciding whether to issue declaratory relief, the court should consider whether the judgment sought would settle the controversy between the parties. CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE: CIVIL § 2759 (3d ed. 1998).  "Moreover, the declaratory remedy is not a tactical device whereby

a party who would be a defendant in a coercive action may choose to be a plaintiff if he can beat the other party to the courthouse." *Casualty Indem. Exch. v. High Croft Enters., Inc.*, 714 F. Supp. 1190, 1193 (S.D. Fla. 1989) (citing *State Farm Fire and Cas. Co. v. Taylor*, 118 F.R.D. 426, 431 (M.D. N.C. 1988)).

Both parties agree that there is an actual live controversy such that a declaratory judgment could be issued. However, declaratory relief in this case is improper for two reasons. First, the relief sought by the GSI parties will not settle this controversy. The declaratory judgment requested by the GSI parties will only settle the Shub parties' breach of contract claim. The declaratory relief requested by the GSI parties would have no effect on the Shub parties' counterclaims for quantum meruit, work and labor done, and promissory estoppel.

The express contract does not preclude recovery under quantum meruit, work and labor done, or unjust enrichment, which are all based on theories of implied contract. *See CIT Group/Equip. Fin., Inc. v. Roberts,* 885 So.2d 185, 189 (Ala. Civ. App. 2003) ("these theories for equitable relief [work and labor done and quantum meruit] are methods of avoiding unjust enrichment, and both require the existence of a contract, either express or implied."). An express contract only precludes recovery under an implied contract if both contracts concern the same subject matter. *Miles v. Tennessee River Pulp and Paper Co.*, 862 F.2d 1525,

1529 (11th Cir. 1989) (citing *Humphrey v. Boschung*, 253 So.2d 760, 764 (Ala. Civ. App. 1970)).  Here, the express contract and the implied contract have two different subject matters.  The express contract concerns a commission payable upon the *sale* of the Facility.  Conversely, the alleged implied contract concerns a finder's fee payable for the *lease* of the Facility.  Because the express contract and the implied contract do not concern the same subject matter, the express contract does not preclude recovery under the implied contract.  Since the declaratory judgment will not resolve the entire dispute, it is within the court's discretion to dismiss the GSI parties' Complaint for Declaratory Judgment.

Second, the court finds that the GSI parties filed the Complaint for a Declaratory Judgment in order to win the race to the courthouse.  Instead of responding to the two letters from the Shub parties' counsel, the GSI parties filed the Complaint for Declaratory Judgment in Franklin County, Alabama.  The result is to "deprive[] the plaintiff of his traditional choice of forum and timing, and it provokes a disorderly race to the courthouse."  *Taylor*, 118 F.R.D. at 430.  The Shub parties are the natural plaintiffs in this case and should be allowed to proceed as such.  Therefore, the Complaint for Declaratory Judgment is dismissed and the parties are realigned such that the Shub parties are the Plaintiffs and the GSI parties are the defendants.

## CONCLUSION

Having considered the foregoing, it is therefore **ORDERED** by the court that the GSI parties' Motion for Summary Judgment is **GRANTED** with respect to the Shub Parties' claim for breach of an express contract claim and **DENIED** with respect to the Shub parties' remaining claims.  It is also **ORDERED** by the court that the Shub parties Motion for Summary Judgment is **GRANTED** and the Complaint for Declaratory Judgment is **DISMISSED**.  The parties shall be realigned such that the Shub parties are the Plaintiffs and the GSI parties are the Defendants.

**DONE** and **ORDERED** on the 11th day of September 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE